STATE OF SOUTH CAROLINA )
)
COUNTY OF RICHLAND )
) IN THE COURT OF COMMON PLEAS
)
Labor Finders of South Carolina, Inc. )
Plaintiff(s) ) CIVIL ACTION COVERSHEET
)
) 2014CP400 0275
vs. )
)
)
Adams-Robinson Enterprises, Inc. )
Defendant(s) )

Submitted By: Joseph S. McCue
Address: Collins and Lacy
PO Box 12487
Columbia, SC 29211

SC Bar #: 11194
Telephone #: (803) 256-2660
Fax #: (803) 771-4484
Other:
E-mail: jmccue@collinsandlacy.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

☒ JURY TRIAL demanded in complaint.      ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
☒ Breach of Contract (140)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20___-CP-___
☐ Notice/ File Med Mal (230)
☐ Other (299)

**Torts - Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Div. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of-State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Sexual Predator (510)

Submitting Party Signature: _Joseph S McC_      Date: 1-15-14

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (06/2013)

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

Please Note:    You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FIFTH JUDICIAL CIRCUIT |
| | ) | |
| Labor Finders of South Carolina, Inc., | ) | CIVIL ACTION NUMBER: |
| | ) | 2014-CP-10-_____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | SUMMONS |
| Adams-Robinson Enterprises, Inc., | ) | (Jury Trial Demanded) |
| | ) | |
| Defendant. | ) | |
| | ) | |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the undersigned at their offices at 1330 Lady Street, 6th Floor, Post Office Box 12487, Columbia, South Carolina 29211, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Respectfully submitted,

COLLINS & LACY, P.C.

Joseph S. McCue, Esquire
1330 Lady Street, Sixth Floor (29201)
Post Office Box 12487
Columbia, South Carolina 29211
(803) 256-2660
(803) 771-4484 (f)
ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina
_____1-15_____, 2014

1

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | FIFTH JUDICIAL CIRCUIT |
| | ) | |
| Labor Finders of South Carolina, Inc., | ) | CIVIL ACTION NUMBER: |
| | ) | 2014-CP-10-_____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| Adams-Robinson Enterprises, Inc., | ) | **(Jury Trial Demanded)** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Labor Finders of South Carolina, Inc. (hereinafter Plaintiff), complaining of

Defendant Adams-Robinson Enterprises, Inc. (hereinafter Defendant), would show unto this

Honorable Court as follows:

<u>PARTIES</u>

1.      Plaintiff is a corporation organized and existing under the laws of the State of

South Carolina and provides temporary workers and associated services to entities such as the

Defendant.

2.      Upon information and belief, Defendant is a corporation organized and existing

under the laws of the Commonwealth of Kentucky, and is a general and mechanical contractor

that constructs water and wastewater treatment plants.

3.      In January 2011, Defendant was constructing a wastewater treatment plant located

in the County of Richland, State of South Carolina (hereinafter wastewater treatment plant), and

had entered into contracts with Plaintiff under which Plaintiff provided temporary workers to

Defendant.

1

## JURISDICTION AND VENUE

4.    Pursuant to South Carolina Code Annotated Section 36-2-803, this Honorable Court has personal jurisdiction over Defendant as the cause of action arises from Defendant's business activities in South Carolina, entering into contracts with Plaintiff to be performed in South Carolina, causing tortious injury in South Carolina, and through its tortious acts and omissions in South Carolina.

5.    Pursuant to South Carolina Code Annotated Section 15-7-30, the Richland County Court of Common Pleas is the appropriate venue for this lawsuit because the most substantial part of the acts and omissions giving rise to the causes of action asserted herein took place in Richland County.

6.    This Honorable Court has subject matter jurisdiction over this action, pursuant to Article V, Section 11 of the South Carolina Constitution.

## FACTUAL BACKGROUND

7.    In January 2011, the Defendant's employees, agents, and/or servants were constructing the wastewater treatment plant.

8.    At all times alleged herein, the Defendant's employees, agents, and/or servants had control over the construction site at the wastewater treatment plant and over Plaintiff's employees working at the site pursuant to the terms of the contracts.

9.    As part of their routine course of dealing, Plaintiff and Defendant entered into contracts under which Plaintiff provided temporary workers to Defendant to perform work at the waste water treatment plant.

10.    Under the terms of the contracts between the Plaintiff and the Defendant, the Defendant agreed to indemnify, defend, and hold harmless the Plaintiff for any and all claims, losses, or causes of action resulting from the Defendant's failure to properly supervise, train, or

2

provide necessary safety standards compliance while Plaintiff's employees were under the Defendant's control.

11.    Under the terms of the contract between the Plaintiff and the Defendant, the Plaintiff reserved the right to subrogate any and all costs incurred by the Plaintiff or its insurance company for claims that arise from the Defendant's failure to supervise or comply with safety standards, for injuries or death by Plaintiff's employees as a result of Defendant's acts or omissions.

12.    On January 20, 2011, Johnny Woodle sustained substantial injuries when a trench caved in while he was working at the wastewater treatment plant and under the control of the Defendant.

13.    At the time of the accident, Mr. Woodle was working for the Defendant pursuant to the contract between the Plaintiff and Defendant.

14.    Plaintiff is informed and believed that the cave in and resulting injuries to Mr. Woodle were the direct and proximate result of the Defendant and its agents, servants, and/or employees' negligence, gross negligence, willful, wanton and reckless conduct in the following particulars:

    a.    Failing to use due care when supervising the area where Mr. Woodle was working;

    b.    Failing to adopt and implement the necessary safeguards to prevent the trench from caving in;

    c.    Failing to provide necessary safety standards compliance while Mr. Woodle was working under the control of the Defendant and its agents, servants, and/or employees;

    d.    Failing to ensure that applicable safety standards were complied with while Mr. Woodle was working under the control of the Defendant and its agents, servants, and/or employees;

3

e.    Failing to properly supervise or train its contractors, subcontractors, agents, servants, and/or employees in the operation and maintenance of the construction site and trench;

e.    Failing to adhere to applicable OSHA regulations and applicable industry standards and customs;

f.    Failing to provide Mr. Woodle and other employees with a safe work site; and

g.    Such other particulars as may be discovered and demonstrated at trial.

15.    As a direct and proximate result of the aforementioned tortious conduct of the Defendant, Mr. Woodle has asserted Workers Compensation claims against Plaintiff and Plaintiff has incurred and will incur damages and costs which include, but are not limited to, the amounts paid for Mr. Woodle's past and future medical bills and medical care and past and future lost wages and loss in earning capacity.

16.    As a direct and proximate result of the aforementioned tortious conduct of the Defendant, the Plaintiff has incurred and will incur legal fees and costs associated with Mr. Woodle's claim for damages and benefits due to the injuries Mr. Woodle sustained while working for the Defendant at the wastewater treatment plant.

## FOR A FIRST CAUSE OF ACTION
### (Contractual Indemnity)

17.    The allegations of the foregoing Paragraphs are hereby realleged as fully as if restated here verbatim.

18.    Defendant and Plaintiff entered into a valid and binding contractual agreement under which Defendant agreed to indemnify, defend, and hold harmless the Plaintiff from any and all claims, loss, or causes of action arising from injuries to Plaintiff's employees, including Mr. Woodle.

4

19.     Under the contractual indemnity clauses in the contract, the Defendant is obligated to indemnify and reimburse Plaintiff for the costs, damages, and attorneys' fees incurred due to the accident involving Mr. Woodle on January 20, 2011.

20.     The Defendant has failed to indemnify and reimburse Plaintiff for the costs, damages, and attorneys' fees incurred and to be incurred due to the accident involving Mr. Woodle on January 20, 2011.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

21.     The allegations of the foregoing Paragraphs are hereby realleged as fully as if restated here verbatim.

22.     The Plaintiff and Defendant entered into a valid and binding contract which required the Defendant to to indemnify, defend, and hold harmless the Plaintiff from any and all claims, loss, or causes of action arising to injuries to Plaintiff's employees, including Mr. Woodle.

23.     The Defendant has breached its contract with the Plaintiff by failing to indemnify, defend, and hold harmless the Plaintiff from Mr. Woodle's claim and the costs, damages, and attorneys' fees due to Mr. Woodle's claim.

24.     As a direct and proximate result of the Defendant's breach of the contract with the Plaintiff, the Plaintiff has sustained significant costs, damages, and attorneys' fees

## JURY DEMAND

25.     Plaintiff hereby demands a trial by jury on all claims and causes of actions asserted herein.

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for actual, consequential, and special damages, including but not limited to the costs, damages, and attorneys' fees incurred due to Mr. Woodle's claim, its costs, including reasonable attorneys' fees, of bringing the present action; and such other and further relief as this Honorable Court deems proper and just.

Respectfully submitted,

COLLINS & LACY, P.C.

By: _____
Joseph S. McCue, Esquire
1330 Lady Street, Sixth Floor (29201)
Post Office Box 12487
Columbia, South Carolina 29211
(803) 256-2660
(803) 771-4484 (f)

ATTORNEYS FOR PLAINTIFF

Columbia, South Carolina

_____1-15_____, 2014

6

## CERTIFICATE OF SERVICE

The undersigned employee of Collins & Lacy, P.C. does hereby certify that on the 16th day of January 2014, a true and correct copy of the following was served on the below listed counsel by mailing a copy of same to said person(s) via the US Postal Service, Certified Mail, Return Receipt Requested with sufficient postage affixed thereto and return address clearly marked.



**SERVED:**

CT Corporation System as Registered Agent for
Adams-Robinson Enterprises, Inc.
306 W. Main Street
Suite 512
Frankfort, KY 40601

**PLEADINGS:**

- Summons and Complaint

Columbia, South Carolina

January 16, 2014